IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JESSICA A. MCCOY                                                              PLAINTIFF

vs.                            Civil No. 3:08-cv-03039

MICHAEL J. ASTRUE                                             DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Jessica A. McCoy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. **Background:**

Plaintiff filed her application for SSI on January 21, 2003. (Tr. 87). Plaintiff alleged she was disabled due to diabetes, sleep apnea, scoliosis, knee and back pain, chest pain and bipolar disorder. (Tr. 23, 44, 46, 78, 87, 127). Plaintiff alleged an onset date of January 1, 2002. (Tr. 16). This application was initially denied on November 24, 2003 and was denied again on reconsideration on March 29, 2004. (Tr. 47-54). On April 26, 2006, Plaintiff requested an administrative hearing on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

her application. (Tr. 55). This hearing was held on October 10, 2006 in Harrison, Arkansas. (Tr. 620-653). Plaintiff was present and represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, and Plaintiff's witness, Nancy House, testified at this hearing. *See id.* Vocational Expert ("VE") Sarah Moore also testified at this hearing. (Tr. 650-653). On the date of this hearing, Plaintiff was twenty-two (22) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the tenth grade. (Tr. 622).

On October 26, 2006, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 16-26). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2002. (Tr. 18, Finding 1). The ALJ determined Plaintiff had the following severe impairments: morbid obesity, non-insulin dependent diabetes mellitus, chronic back and left knee pain, bipolar disorder, and panic disorder without agoraphobia. (Tr. 18, Finding 2). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 3).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 22-24, Finding 4). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 23). The ALJ found Plaintiff's claimed limitations were not totally credible. (Tr. 23).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18-24, Finding 4). Specifically, the ALJ determined Plaintiff retained the RFC

to perform a wide range of light work with the ability to lift, carry, push, and pull ten (10) pounds frequently and twenty (20) pounds occasionally; stand and walk for up to six (6) hours and sit for up to six (6) hours during an eight-hour workday; and occasionally stoop. From a mental standpoint, the ALJ found Plaintiff was able to perform work where interpersonal contact was incidental to work performed; complexity of tasks was learned and performed by rote with few variables and little judgment; and where supervision required was simple, direct, and concrete. (Tr. 22, Finding 4).

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 24, Finding 5). However, the ALJ also determined, considering her age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which Plaintiff would be able to perform. (Tr. 25, Finding 9). Specifically, the ALJ found Plaintiff would be able to perform a job such as a poultry eviscerator with 6,000 such jobs in Arkansas and 132,000 such jobs in the United States, and sedentary assembly jobs with 1,500 such jobs in Arkansas and 106,000 such jobs in the United States. (Tr. 25). After making this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time since January 21, 2003, the date the application was filed. (Tr. 26, Finding 10).

On December 26, 2006, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-11). *See* 20 C.F.R. § 404.984(b)(2). On May 2, 2008, the Appeals Council declined to review this determination. (Tr. 6). On July 9, 2008, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7,8). The parties consented to the jurisdiction of this Court on October 23, 2008. (Doc. No. 5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) The ALJ failed to properly assess the severity of Plaintiff's impairments; (2) the ALJ failed to properly accept the opinions of treating physicians; (3) the ALJ failed to properly consider the combined effects of Plaintiff's impairments; (4) the ALJ failed to properly assess Plaintiff's credibility of subjective complaints; (5) the ALJ decision is not supported by substantial evidence; and (6) the ALJ failed to fully and fairly develop the record. (Doc. No. 7, Pages 8-21).

In response, Defendant argues (1) The ALJ properly assessed the severity of Plaintiff's impairments; (2) the ALJ properly accepted the opinions of treating physicians; (3) the ALJ properly considered the combined effects of Plaintiff's impairments; (4) the ALJ properly assessed Plaintiff's credibility of subjective complaints; (5) the ALJ decision is supported by substantial evidence; and (6) the ALJ fully and fairly develop the record. (Doc. No. 8, Pages 7-20). Because this Court finds

5

the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address this claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. The ALJ listed the *Polaski* factors. (Tr. 24). The ALJ then indicated the *Polaski* factors had been considered. (Tr. 24). However, a review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

52 and 58.

    **ENTERED** this **15th day of December, 2009.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE